IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| GLOBAL FIBRES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No: _3:10CV673_ |
| v. | ) | |
| | ) | |
| FRANK PARSONS, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| J. MICHAEL LANE, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FRANK CURRAN, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Global Fibres, Inc. ("Global"), by counsel, for its Complaint against Defendants

Frank Parsons, Inc. ("Parsons"), J. Michael Lane ("Lane"), and Frank Curran ("Curran"), states

as follows:

## PARTIES

1.      Global is a corporation organized and existing under the laws of the State of

California, with its principal place of business in Fort Lee, New Jersey.

2.      Parsons is a corporation organized and existing under the laws of the State of

Delaware, with its registered office and principal place of business in Hanover, Maryland.

3.      Lane is a resident of the State of Maryland.

4.      Curran is a resident of the State of Maryland.

1423058v7

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this Court because the parties are citizens of different states, and the matter in controversy exceeds $75,000, excluding interest and costs.  28 U.S.C. § 1332(a)(1).

6.      Venue is proper in this District because a substantial portion of events giving rise to Global's claims occurred in this judicial district.  28 U.S.C. § 1391(a).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7.      Global is a distributor of paper which, commencing at some time prior to June 2006, has sold and delivered paper to Parsons on many occasions through August 2010.

8.      Lane is the Chief Executive Officer of Parsons.  Curran is President of Parsons.

9.      Global and Parsons entered into a course of dealing beginning in June 2006, during which their relationship conformed to the terms of a Seller Owned Inventory Agreement ("SOI Agreement").

10.      Pursuant to the SOI Agreement and the course of dealing, Parsons would send purchase orders to Global for the purchase and delivery of paper, and Global would deliver the stated amount of paper to a Parsons warehouse, including Parsons' warehouse in Richmond, Virginia.

11.      Pursuant to the SOI Agreement and the parties' course of dealing, Global retained ownership of the paper after delivery to Parsons until either Parsons sold the paper or 150 days elapsed, at which point ownership passed from Global to Parsons.

12.      Each month, pursuant to the SOI Agreement and the parties' course of dealing, Parsons sent a Usage Report to Global showing the amount of paper that had either been sold or held in inventory for 150 days.

1423058v7

13.     After receiving the monthly Usage Report, Global would send a monthly invoice to Parsons demanding payment for inventory sold or held for 150 days.  Payment was due 15 days after the invoice date.

14.     Global has sent invoices to Parsons demanding payment for all balances based on the Usage Reports.  The invoices apply a 10% APR on all past due payments.  The balance due on the invoices totaled $2,886,591.13.

15.     Global demanded payment of the entire balance due, but Parsons has paid only $755,258.09 to date, leaving an unpaid balance on the invoices of $2,131,333.04.

16.     Parsons accepted all of the goods delivered by Global.  The paper shipped by the Global conformed to Parsons' purchase orders, and no complaints were made by Parson concerning any shipment.

17.     The price charged by Global for the paper was reasonable and customary, and no complaints were made by Parsons that the invoices were for a price other than that agreed to by Parsons.

## FIRST CAUSE OF ACTION

### (Account Stated)

18.     Global realleges and reincorporates by reference each of the allegations set forth in paragraphs 1 through 17 above.

19.     Global duly stated accounts between itself and Parsons, which accounts were duly accepted and retained by Parsons without protest for a reasonable period of time.

20.     Invoices sent pursuant to the parties' course of dealing and SOI Agreement retain outstanding balances of $2,131,333.04.

21.     Thus, upon such accounts stated, Parsons owes Global the sum of at least $2,131,333.04, plus interest, in each case for goods sold and delivered, no part of which has been paid although all was duly demanded, due and owing.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

22.     Global realleges and reincorporates by reference each of the allegations set forth in paragraphs 1 through 21 above.

23.     Global has a valid and enforceable contract with Parsons for the sale paper. Global has fulfilled its obligations under parties' contract.

24.     Parsons materially breached the parties' contract by failing to pay Global for paper that Parsons ordered from Global.

25.     As a result of Parsons' breach, Global has been damaged in the amount of at least $2,983,517.41, plus interest.

## THIRD CAUSE OF ACTION

### (Quantum Meruit)

26.     Global realleges and reincorporates by reference each of the allegations set forth in paragraphs 1 through 25 above.

27.     Global has sold and delivered goods to Parsons at its specific request, the fair and reasonable value of which is not less than $2,507,981.08, plus interest.

28.     By reason of the foregoing, Parsons is liable to Global in the sum of not less than $2,507,981.08, under the doctrine of *quantum meruit*.

1423058v7

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment)

29.  Global realleges and reincorporates by reference each of the allegations set forth in paragraphs 1 through 28 above.

30.  By delivering paper to Parsons, Global conferred a benefit on Parsons.

31.  Parsons appreciated and knew that it received this benefit from Global.

32.  Under the circumstances, it would be unfair for Parsons to accept or retain the benefit from Global without paying for the paper that Global could not recover from Parsons.

33.  Parsons has been unjustly enriched in the amount of the value of the benefit conferred on it by Global, or not less than $2,416,613.10, plus interest.

## FIFTH CAUSE OF ACTION

### (Conversion)

34.  Global realleges and reincorporates by reference each of the allegations set forth in paragraphs 1 through 33 above.

35.  Pursuant to the course of dealing and the SOI Agreement, Global retained title to inventory in the Parsons warehouses until the inventory had been sold or the passage of 150 days.

36.  Between August 30, 2010, and September 17, 2010, under the direction of Lane and Curran, Parsons sold some of the paper delivered by Global to third-parties for the contract price of $285,280.06.  Lane and Curran made these sales knowing that Parsons would not be able to pay Global for the sold paper.  Parsons has not paid Global for the sold paper.

37.  Parsons' sale of the paper without payment to Global has deprived Global of its right to the possession and use of the paper.

1423058v7

38.   Defendants' conversion of Global's paper has caused damages to Global of not less than $285,280.06, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Global demands Judgment as follows:

a.   Awarding Global damages against Parsons in an amount not less than $2,131,333.04, plus interest, on its first cause of action;

b.   Awarding Global damages against Parsons in an amount not less than $2,983,517.41, plus interest, on its second cause of action;

c.   Awarding Global damages against Parsons in an amount not less than $2,507,981.08, plus interest, on its third cause of action;

d.   Awarding Global damages against Parsons in an amount not less than $2,416,613.10, plus interest, on its fourth cause of action;

e.   Awarding Global damages against Defendants, jointly and severally, in an amount not less than $285,280.06, plus interest, on its fifth cause of action; and

f.   Awarding costs of this action and such other and further relief as is just and proper.

**GLOBAL FIBRES, INC.**

By: _Michael Lacy_

Michael E. Lacy
Virginia State Bar No. 48477
*Attorney for Plaintiff Global Fibres, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA  23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
Email:  michael.lacy@troutmansanders.com

1423058v7